IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue NW <br> Washington, DC 20530, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law. As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA. Plaintiff analyzes the

agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.  Defendant DOJ has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On December 20, 2024, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, through the FBI's online FOIA portal, for:

> All records of communication sent to and from FBI Miami Special Agent in Charge Jeffrey Veltri related to Veltri's social media posts regarding Donald Trump for the period November 1, 2022, to the present.

6. By a letter dated January 15, 2025, the FBI acknowledged receipt of the FOIA request and indicated that it had been assigned FOIPA Request No.: 1656341-000. Plaintiff since has received no further communication from the FBI regarding the request.

7. As of the date of this Complaint, the FBI has not made a determination about whether it will comply with Plaintiff's FOIA request, has not notified Plaintiff of any determination, or notified Plaintiff of its right to appeal any adverse determination to the head of the agency.  Nor has the FBI produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request on or about January 17, 2025.

13. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: February 14, 2025                                  Respectfully submitted,

*/s/ Jason B. Aldrich*
Jason B. Aldrich
D.C. Bar No. 495488
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:   (202) 646-5172
Email: jaldrich@judicialwatch.org

*Counsel for Plaintiff*